UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM DAVIDSON )
(a/k/a S. Anthony Davidson), )
      Plaintiff, )
       )
      v. ) CIVIL ACTION NO. 11-10194-RWZ
       )
MASSACHUSETTS (PATRONS, )
EMPLOYEES), )
      Defendants )

## MEMORANDUM AND ORDER

ZOBEL, D.J.

    For the reasons stated herein, this action is <u>DISMISSED</u> *sua sponte.*

## BACKGROUND

    On January 18, 2011, plaintiff William Davidson ("Davidson"), also known as S. Anthony Davidson, filed a civil Complaint purportedly under 42 U.S.C. § 1983.[1] Davidson indicated that he resides in Clinton County, New York, but he failed to provide this Court with a valid mailing address.

    The Complaint is wholly unintelligible and no plausible legal claims can be discerned from Davidson's allegations. To illustrate, Davidson lists the first defendant as the State of Massachusetts, stating that it resides at "interval U.S. Command" and is employed as "category of Notary." Compl. at ¶ 2. In the portion of the standard form providing a place for Davidson to list how the defendant acted under color of law, Davidson stated: "Appeal to detain at curve." <u>Id.</u>

    Davidson then lists the second defendant as "Articles People,'the land'" residing at "weighing to hustle" and employed as "in pan handling." <u>Id.</u> at ¶ 3. He states that the

---

[1] Part of the Complaint is set forth on an template indicating the matter is a Civil Rights Complaint. This action was initially assigned to Magistrate Judge Dein, but was randomly reassigned on February 22, 2011.

action alleged to be under color of law was: "To note in hand to be liberty to less in Massachusetts are the code in the city as to color in direction as doing." Id.

Next, Davidson lists the third defendant as "Articles in Accounts" residing "at crime scene = arrivals Mass. N.Y." Id. at ¶ 4. In response to the question concerning actions under color of law, Davidson states: "The weighing to bound is order in adverse." Id. Davidson then states, in the paragraph concerning jurisdiction:

> The age to cartoon service is a verdict to draw sexual depict a call to model in conduct and entrapment to practice alimony in due category of sex. And to give the parole a foster into adult.

Id. at ¶ 7. In the portion of the form providing for a brief statement of the case, Davidson states:

> The counsel is the lack of reading record to justice at time it is a time to interval a employer to stand into a time at litigant into practice to shift my bus ticket to New Hampshire at the federal in nature to profile the payment at text.

Id. at Part B(1).

The allegations in the rest of the Complaint are entirely of this ilk.[2] Davidson requests, as relief: "The Treasure of stolen influence. Toward Business individually is the account in occasion. I have been those to maintain in deter to Count Two as lesser

---

[2]Without reiterating the entire document, the claims are summarized as follows: Count I alleges: "The purpose to induce and comment the actual negative in clause (abuse is .. at issue). And the statutory to party as agreed to presume intact into arbitration to server. And to claim into statute the applicable.." Id. at 4. Count II alleges: "(The arbitration at benefit of the desire to damage into sever to fee and statute (religion and 8th Amendment): to be directed to term the adoption and balance of the franchise at stricken of damage into means at lawsuit." Id. at 5. Count III alleges: "Grant-is the party at alternative in abuse of the construed at bargain to the statute of limitations is the clause in the constitution at the proper way to relief and to less arguement [sic] the violent at procedure (due process is Const. Amend.) Is the city into is Springfield note." Id. at 6.

the crime is to purport the states profession." Id. at 9.  In an Affidavit attached to the Complaint, Davidson seeks monetary damages in excess of $100,000.00.

Davidson did not pay the $350.00 filing fee nor did he file an application to proceed without prepayment of the filing fee.

## DISCUSSION

I. <u>The Filing Fee</u>

A plaintiff wishing to proceed with a civil action in this Court must pay the $350.00 filing fee or obtain a waiver thereof by filing a Motion for Leave to Proceed Without Prepayment of Fees and an Affidavit disclosing all of plaintiff's assets.  <u>See</u> 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions); 28 U.S.C. § 1915(a)(1) (proceedings *in forma pauperis*).

Here, it is unclear whether Davidson is a prisoner, as he fails to provide a mailing address or any other information concerning his whereabouts; however, a search of the public records of state offenders in New York reveals that there is an inmate named William Davidson at the Clinton Correctional Facility, scheduled for release on March 5, 2011.  It is unclear if this is the same person; however, by a comparison of handwriting appearing in the case <u>In re William Davidson</u>, 1:10-mc-00097-LB in the United States District Court for the Eastern District of New York (Order, Docket No. 26-2), this Court infers this is the same William Davidson that is the plaintiff in this action.[3]

In any event, if Davidson is a prisoner, any motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account

---

[3]In that Order (Docket No. 26), United States Magistrate Judge Bloom noted that William Davidson submitted papers purporting to be a Complaint, but the papers were incomprehensible (as here), did not provide the names of any defendants, and did not include the filing fee or a request to waive the fee.

3

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

As noted above, Davidson has failed to pay the filing fee or seek a waiver thereof, and thus this action will be DISMISSED without prejudice. This action will also be dismissed for the several reasons discussed below.

II.     Inherent Authority to Screen Case

Davidson has not been permitted to proceed *in forma pauperis*; therefore, no preliminary screening is authorized pursuant to 28 U.S.C. § 1915(e)(2). Nevertheless, this Court has inherent authority to manage its own cases and to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.[4] Additionally, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.[5]

---

[4] See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308 (1989); Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider). See also Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision stating: "This court has on numerous occasions recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim."); Torres-Alamo v. Puerto Rico, 502 F.3d 20 (1st Cir. 2007) (discussing court's inherent authority to dismiss for reasons prescribed in Federal Rule of Civil Procedure 41(b)); Otoki Group, Inc. v. Gibraltar, P.R. Inc., 16 Fed. Appx. 3 (1st Cir. 2001).

[5] McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of

4

III. <u>Lack of Subject Matter Jurisdiction; Failure to State Plausible Claims Upon Which Relief May Be Granted</u>

As a separate basis for dismissal of this action *sua sponte*, the Court finds that Davidson has failed to set forth the subject matter jurisdiction of this Court. Concomitantly, he has failed to set forth a plausible claim upon which relief may be granted. Although Davidson asserts his claims are based on civil rights violations under 42 U.S.C. § 1983, it is impossible to cull out even one coherent and plausible civil rights claim against one identified defendant who may be held liable. Without belaboring the point, even under a broad reading, the Court finds that the Complaint materially fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[6]

Thus, because there is no *bona fide* federal claim asserted, this Court cannot find that Davidson properly has invoked the federal question jurisdiction of this Court under

---

authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

[6]Rule 8 governs the substance of the pleadings. Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); see <u>Rivera v. Rhode Island</u>, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004)(quoting <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)). See <u>Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.</u>, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" <u>Id.</u> (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)).

28 U.S.C. § 1331. Moreover, while the parties might be diverse (as Davidson appears to be a New York citizen suing Massachusetts defendants), Davidson fails to set forth a *bona fide* basis for his claim that the amount in controversy exceeds $75,000.00. In any event, he has not asserted diversity as a basis for jurisdiction, nor alleged the citizenship of each of the defendants so that it is clear that there is complete diversity of citizenship. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant.).

In light of the above, this Court lacks subject matter jurisdiction over this action, either under 28 U.S.C. § 1331 or 28 U.S.C. § 1332.[7]

IV.     The Complaint is Frivolous

As a final basis for dismissal, the Court considers this action to be frivolous, as no reasonable person could suppose this case to have any merit.

CONCLUSION

Based on all of the above, it is hereby Ordered that this action is DISMISSED in

---

[7]As an additional matter, to the extent that Davidson is seeking to sue the Commonwealth of Massachusetts under 42 U.S.C. § 1983, the Commonwealth is not subject to suit in this Court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought."); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

6

its entirety.[8]


SO ORDERED.


                          /s/ Rya W. Zobel
                          RYA W. ZOBEL
                          UNITED STATES DISTRICT JUDGE

DATED: February 28, 2011

---

[8] Notice of this Memorandum and Order cannot be mailed to Davidson because he has not provided this Court with a valid mailing address. Nevertheless, he is not entitled to notice. See District of Massachusetts Local Rule 83.5.2(e)(requiring a party appearing *pro se* to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."). Notwithstanding this Local Rule, because it appears that Davidson is, in fact, the prisoner in custody at the Clinton Correctional Center, the Clerk shall send a copy of this Memorandum and Order to: William Davidson, Offender ID 05459958Z, Clinton Correctional Facility, 1156 Rt. 374, P.O. Box 2000, Dannemora, New York, 12929-2000.